UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNIE WESLEY,

    Plaintiff,

v.      Case No. 23-C-1331

SHIRLEY STINSON,

    Defendant.

## DECISION AND ORDER

On November 27, 2024, Defendant Shirley Stinson filed a motion for summary judgment. Dkt. No. 22. That same day, the Court notified Plaintiff Johnnie Wesley that, under Civil Local Rule 56(b)(2), his response materials were due by December 27, 2024. Dkt. No. 34. The Court also warned Plaintiff that, under Civil Local Rule 7(d), failure to respond to the motion or to ask for additional time to respond would be sufficient cause for the Court to grant the motion as a sanction for noncompliance. *Id*. On Plaintiff's requests, the Court extended the deadline to respond to May 1, 2025. Dkt. Nos. 36-37, 39, 42-43 & 46. The May 1, 2025 deadline has now passed, and Plaintiff still has not opposed the motion.

The Court has reviewed Defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and it concludes that Defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Indeed, Plaintiff's version of events is clearly contradicted by videotape evidence, so no reasonable jury could find in Plaintiff's favor. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that

version of the facts for purposes of ruling on summary judgment."). Contrary to Plaintiff's allegations, videotape evidence establishes that Defendant was nowhere near Plaintiff's cell either before, during, or after he threatened to harm himself and stuck his arm out of the food trap to show his bloody wrists on December 25, 2021. Dkt. No. 25-3. In fact, Defendant was not present on the tier at all at the time she allegedly yelled at him to "kill yourself." *See id*. A defendant cannot be deliberately indifferent towards an issue she did not know about and was not personally involved in. *See Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020); *see also Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Therefore, Defendant is entitled to judgment as a matter of law on the Eighth Amendment claim. Because Defendant is entitled to summary judgment on the Eighth Amendment claim, the Court will relinquish jurisdiction over Plaintiff's supplemental state law negligence and emotional distress claims. *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) (noting that "when the federal claim in a case drops out before trial," a district court usually "relinquish[es] jurisdiction over any supplemental claim to the state courts"). Additionally, the Court finds that Plaintiff's failure to respond to Defendant's motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance. *See* Civ. L. R. 7(d).

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 22) is **GRANTED**. This case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 9th day of May, 2025.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.